Based on the competent evidence of record and the decision of the North Carolina Court of Appeals, the Full Commission VACATES its prior Opinion and Award and enters the following:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all times relevant to this claim, plaintiff was an employee of defendant Source Recycling, Inc., which is an employer as defined in the Workers' Compensation Act.
3. At all relevant times, Key Risk Management Services, Inc. was the workers' compensation insurance carrier for defendant Source Recycling, Inc.
4. Plaintiff's average weekly wages shall be determined by reference to the Forms 22 supplied by defendant-employer prior to the close of the record.
***********
Based upon the competent evidence of record and the instructions of the Court of Appeals, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff was thirty-two years old at the time of the hearing before the Deputy Commissioner. He had completed the ninth grade and had done some work towards obtaining his GED.
2. Prior to starting to work for defendant, plaintiff had worked for the prior ten years as a long haul truck driver.
3. Defendant employed plaintiff as a tractor/trailer driver to deliver its products.
4. On October 20, 1994, plaintiff came to work to pick up a trailer. When plaintiff attempted to raise the landing gear it would not move because it was stuck. As plaintiff applied more pressure, the landing gear released suddenly and threw plaintiff to the ground twisting his left arm. Plaintiff heard a pop in his left shoulder and felt immediate intense pain in his left arm, shoulder and back.
5. Plaintiff was taken to the hospital where his condition was diagnosed as sprain and/or strain to his left shoulder. Plaintiff failed to respond to the treatment and was sent to see Dr. Mark E. Brenner.
6. Dr. Brenner continued to treat plaintiff conservatively and when plaintiff failed to respond, he performed additional tests. Dr. Brenner discovered a growth in plaintiff's left shoulder.
7. Dr. Brenner referred plaintiff to Dr. John M. Harrleson for further treatment because he did not treat the kind of condition that plaintiff had.
8. Dr. Harrelson diagnosed plaintiff's condition as pigmented villonodular synovitis, and performed surgery to correct the condition. Dr. Harrelson opined that plaintiff would more than likely have a recurrence of the pigmented villonodular synovitis and that the recurrence would not have anything to do with the injury, but would be due to the nature of the growth.
9. Dr. Harrelson further opined that the injury plaintiff sustained on October 20, 1994, caused an aggravation of plaintiff's pre-existing condition and that without the injury plaintiff would have been able to continue working well into 1995, or longer before he would have had to have the condition treated.
10. Dr. Harrelson was also of the opinion that any future treatment that plaintiff may need after his recovery from the initial surgery would be due solely to the pigmented villonodular synovitis.
11. Dr. Harrleson rated plaintiff with a 15% permanent partial impairment to his left shoulder due to the accidental injury of October 20, 1994. This rating includes only that part of plaintiff's disability which was caused, accelerated or aggravated by his compensable accidental injury.
12. Dr. Harrelson released plaintiff to return to work on July 25, 1995.
13. Plaintiff was out of work due to his injury from October 26, 1994 through July 25, 1995.
14. Plaintiff's average weekly wage at the time of his accidental injury was $595.50.
15. While out of work, plaintiff did receive some unemployment benefits.
***********
Based upon the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on October 20, 1994, while in the course and scope of his employment with defendant and said accidental injury materially aggravated his pre-existing condition of pigmented villonodular synovitis. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury by accident on October 20, 1994, plaintiff was temporarily totally disabled from October 26, 1994 through July 25, 1995, for which he is entitled to compensation at the rate of $397.02 per week. N.C. Gen. Stat. § 97-29.
3. The North Carolina Workers' Compensation Act requires that the claimant be compensated only for that portion of the disability caused, accelerated or aggravated by the job-related injury. Morrison v. Burlington Industries, 304 N.C. 1,18, 282 S.E.2d 458, 470 (1981).
4. As a result of his injury by accident on October 20, 1994, plaintiff sustained a fifteen percent (15%) permanent partial impairment to his left shoulder for which he is entitled to compensation in the amount of $397.02 per week for 36 weeks. N.C. Gen. Stat. § 97-31(13).
5. Defendant is obligated to pay all medical expenses incurred or which may be incurred as a result of plaintiff's compensable injury that may effect a cure, give relief or tend to lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
6. Defendant is entitled to a credit for all unemployment benefits received by plaintiff during plaintiff's period of temporary total disability. Further, defendant is entitled to a credit for temporary total disability paid from October 26, 1994 to December 29, 1994. N.C. Gen. Stat. § 97-42.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $397.02 per week for the period from October 26, 1994 through July 25, 1995. All compensation has accrued and shall be paid in one lump sum, subject to paragraphs four and five below.
2. Defendant shall pay plaintiff in a lump sum permanent partial disability compensation at the rate of $397.02 per week for 36 weeks, subject to the attorney's fees herein approved.
3. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted and approved based on procedures adopted by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
4. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and, since it has accrued, shall be paid in a lump sum.
5. Defendant is entitled to receive a credit for all unemployment benefits received by plaintiff during his period of temporary total disability. Further, defendant is entitled to a credit for temporary total disability payments made from October 20, 1994 to December 29, 1994.
6. Defendant shall pay the Industrial Commission costs.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ LAURA K. MAVRETIC COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER